IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE DANIEL KLOIBER DYNASTY TRUST U/A/D DECEMBER 20, 2002 | § Nos. 454, 2014, 487, 2014, § and 524, 2014 § § Court Below—Court of Chancery § of the State of Delaware, § C.A. No. 9685 |

Submitted: September 17, 2014
Decided: September 22, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

## **O R D E R**

This 22nd day of September 2014, it appears to the Court that:

(1)     Petitioner below-appellant, William Nicholas Kloiber, filed a notice of interlocutory appeal in No. 454, 2014.  Petitioner below-appellant, PNC Delaware Trust Company, filed a notice of interlocutory appeal in No. 487, 2014.  Both parties have petitioned this Court, pursuant to Supreme Court Rule 42, to accept an appeal from the same interlocutory opinion and interlocutory status quo order of the Court of Chancery dated August 6, 2014.[1]

(2)     The trial court's opinion denied William Nicholas Kloiber's application for a temporary restraining order, which sought to prevent Beth Kloiber

---

[1] The Court of Chancery issued an amended status quo order on September 3, 2014, which vacated the status quo order dated August 6, 2014.  William Nicholas Kloiber filed a notice of interlocutory appeal in No. 524, 2014 from the Court of Chancery's amended status quo order. Because we conclude that the trial court had jurisdiction to amend its status quo order in the absence of a stay, a separate notice of appeal in No. 524, 2014 was not necessary to invoke this Court's jurisdiction to accept an interlocutory from the amended status quo order. Consequently, we consider the applications for certification in light of the amended status quo order.

from attempting to enforce certain orders entered by a Family Court judge in Kentucky. The amended status quo order imposed certain restrictions on the parties with respect to transactions involving the Daniel Kloiber Dynasty Trust during the pendency of the litigation in Delaware and Kentucky.

(3) The parties sought certification to take an interlocutory appeal in the Court of Chancery on August 15, 2014 and August 18, 2014, respectively.[2] The Court of Chancery denied the certification applications on September 3, 2014.

(4) Applications for interlocutory review are addressed to the sound discretion of this Court. In the exercise of its discretion, this Court has concluded that none of the three applications for interlocutory review meets the requirements of Supreme Court Rule 42(b). Accordingly, the applications are refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the within interlocutory appeals are REFUSED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[2] Kloiber also filed an application for certification of the September 3 amended status quo order, which we deem unnecessary, on September 15, 2014.